**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**July 31, 2025 18:05**

By: JOYCE CHAMBERS REICHARD 0096422

Confirmation Nbr. 3572431

DONNA STUPPY, ET AL.

vs.

LOWE'S HOME CENTERS, LLC, ET AL.

CV 25 121970

**Judge:** JOHN J. RUSSO

**Pages Filed:** 9

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

**DONNA STUPPY**
4935 Countryside Rd.
Lyndhurst, OH 44124

and

**CHARLES STUPPY**
4935 Countryside Rd.
Lyndhurst, OH 44124

*Plaintiffs,*

v.

**LOWE'S HOME CENTERS, LLC**
c/o Corporation Service Company
1160 Dublin Rd., Suite 400
Columbus, OH 43215

**Also Serve:**
Lowe's Companies, Inc.
1000 Lowes Blvd.
Mooresville, NC 28117

and

**LOWE'S HOME CENTERS, LLC (d/b/a LOWE'S HOME IMPROVEMENT) (Store #1023)**
24500 Miles Rd.
Bedford Heights, OH 44146

**Also Serve:**
Lowe's Companies, Inc.
1000 Lowes Blvd.
Mooresville, NC 28117

*Defendants.*

CASE NO.:

JUDGE:

**COMPLAINT**

**[Jury Demand Endorsed Herein]**

NOW COME Plaintiffs, Donna and Charles Stuppy, and for their Complaint against Defendants state and allege as follows:

## PARTIES, VENUE, AND JURISDICTION

1. At all times relevant herein, Plaintiffs, Donna and Charles Stuppy (hereinafter "Plaintiffs"), were residents of Lyndhurst, Ohio.

2. At all times relevant herein, Defendant, Lowe's Home Centers, LLC, is and remains a for-profit corporation, limited liability company, or other business entity maintaining a presence and doing business in Cuyahoga County, Ohio and elsewhere within the State of Ohio.

3. At all times relevant herein, Defendant, Lowe's Companies, Inc. (d/b/a Lowe's Home Improvement, LLC and/or Lowe's Home Centers, LLC), is and remains a for-profit corporation, limited liability company, or other business entity maintaining a presence and doing business in Cuyahoga County, Ohio and elsewhere within the State of Ohio.

4. Defendants, Lowe's Home Centers, LLC; Lowe's Companies, Inc. (d/b/a Lowe's Home Improvement, LLC and/or Lowe's Home Centers, LLC) (hereinafter "Defendants"), actively engaged in, transacted, and conducted business in Cuyahoga County, Ohio at various locations throughout the State of Ohio, including, but not limited to, the Lowe's Home Improvement Store #1023 located at 24500 Miles Rd., Bedford Heights, Ohio (hereinafter "Store 1023"), which is the Lowe's store location where the tortious activity giving rise to Plaintiffs claims occurred and/or was conducted.

5. Defendants transacted business in, engaged in tortious conduct in, caused tortious injury in, and/or otherwise established minimum contacts within the State of Ohio, and more specifically, in Cuyahoga County, Ohio and is thus subject to this Court's jurisdiction.

6. Venue is appropriate in this case as the cause of action arose in Cuyahoga County, Ohio.

## STATEMENT OF FACTS

7. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts, as if fully rewritten herein.

8. On or about August 4, 2023, Plaintiffs were lawfully on the premises of, and were business invitees, at Store 1023.

9. At all times relevant herein, Defendants owned, operated, maintained, controlled, and/or staffed Store 1023, including all merchandise and contents contained therein.

10. At all times relevant herein, and on the date and at the place noted above, Plaintiffs were shopping in the Garden Center at Store 1023 when Plaintiff, Donna Stuppy (hereinafter "Mrs. Stuppy"), encountered a man-made collection of water spreading across an entire aisle of the Garden Center which was uneven and in a damaged condition thereby collecting debris and chemicals concealed and hidden from Plaintiffs view such that it created an unsafe hazard to all invitees, including Plaintiffs. The dangerous, hazardous, concealed, and hidden condition which resulted in the serious and permanent injuries to Mrs. Stuppy are more fully described herein.

11. The dangerous and hazardous conditions upon which Mrs. Stuppy encountered in the Garden Center at Store 1023 were concealed and hidden by a man-made collection of water which formed as a result of the negligence of Defendants (through its employees, agents, and/or contractors). The dangerous, hazardous, concealed, and hidden conditions were at all times relevant herein, concealed and hidden from Plaintiffs.

12. At all times relevant herein, Defendants were on constructive notice of the dangerous, hazardous, concealed and hidden conditions and had been on notice well before the

incident which gave rise to this cause of action and prior to causing Mrs. Stuppy's injuries. The dangerous, hazardous, concealed, and hidden conditions presented a substantial and unreasonable danger and/or risk of harm to the customers of Store 1023, including Mrs. Stuppy.

13. The dangerous, hazardous, concealed, and hidden conditions were not readily or reasonably apparent, discoverable, or appreciable to the customers of Store 1023, including the Plaintiffs.

**COUNT I**
**(NEGLIGENCE)**

14. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts, as if fully rewritten herein.

15. Defendants, by and through its employees, agents, contractors or those acting on their behalf, caused and allowed to remain, the dangerous, hazardous, concealed, and hidden conditions at Store 1023, and failed to warn its invitees at Store 1023, invitees that include the Plaintiffs in this action.

16. The dangerous, hazardous, concealed, and hidden conditions at Store 1023 were allowed to remain by Defendants for a sufficient period of time *prior* to Mrs. Stuppy's injuries such that Defendants, in the exercise of reasonable care, knew or should have known of the dangerous and defective conditions and should have taken steps to address, eliminate, remedy, and warn its invitees at Store 1023, invitees that include the Plaintiffs in this case.

17. Defendants, by and through its employees, agents, contractors or those acting on their behalf, had actual or constructive notice and knowledge of the dangerous and defective conditions at Store 1023, yet nonetheless failed to timely, adequately, and properly address, eliminate, remedy, and warn its invitees at Store 1023, including the Plaintiffs.

18. Defendants owed Plaintiffs, as invitees, a heightened duty of care, including a duty to inspect, make, and keep Store 1023 in a reasonably safe condition, and thus had a duty to not engage in negligent and/or reckless conduct that would cause harm to its invitees, including the Plaintiffs.

19. Defendants owed a duty to its invitees at Store 1023, including Plaintiffs, to use ordinary and reasonable care under the circumstances.

20. As part of Defendants duty to exercise ordinary care to keep its premise in a reasonably safe condition for its business invitees and customers, including Plaintiffs, Defendants must abide by the following important safety rules:

a. A retail store owner and operator must make the safety of its customers its primary concern.

b. Customer safety is always the primary concern for the owner and operator of a retail store in making, or not making, a decision to correct a known hazardous condition existing in the store.

c. A retail store owner and operator must pay attention and conduct inspections in order to become aware of conditions on its property that pose a hazard to customers.

d. A retail store owner and operator must train, instruct, require, encourage and empower employees to pay attention and conduct inspections to become aware of, and immediately correct, conditions on its property that pose a hazard to customers.

e. A retail store owner and operator must take immediate and reasonable action to correct conditions on its property that pose a hazard to customers.

21. The failure of a retail store owner and operator to abide by these important safety rules constitutes a breach of its duty of ordinary care to keep the store premises in a reasonably safe condition for its customers.

22. Defendants, by and through their employees or agents, breached the duty of care they owed to Plaintiffs and also acted negligently and/or recklessly by doing, or failing to do, one or more of the following:

a. Failing to abide by the safety rules set forth above.

b. Failing to maintain a safe environment, free of defects, by allowing a dangerous, hazardous, concealed, and hidden condition to exist on the premises which caused injury to Mrs. Stuppy and failing to take reasonable care and due diligence to inspect and discover the dangerous, hazardous, concealed, and hidden condition posed to its invitees, even after receiving constructive notice that such dangerous, hazardous, concealed, and hidden conditions existed.

c. Failure to address hazards in a timely manner, even after receiving constructive notice of such dangerous, hazardous, concealed, and hidden conditions.

d. Failure to warn invitees, such as Plaintiffs, of dangerous, hazardous, concealed, and hidden conditions, even after receiving constructive notice of the existence of such dangerous, hazardous, concealed, and hidden conditions.

e. Otherwise acting negligently, recklessly, and/or failing to act as a reasonably careful person or business would do under similar circumstances.

23. As a direct and proximate result of the Defendants negligence and/or recklessness, Mrs. Stuppy sustained serious, long-lasting, and permanent physical and personal injuries and damages which include, without limitation: surgery (including the permanent insertion of a plate, screw, and staples) to repair her left femur fracture, significant bruising to her left leg (extending from her hip to her ankle), suffered with the inability to walk and/or ambulate (total non-weight baring) for approximately eight weeks after surgery, required a full-time caregiver to assist with all daily living activities for approximately eight weeks, endured approximately six months (two to three visits per week) of physical therapy to regain the use of her left leg and to rebuild stability and confidence to navigate her left leg, suffered and continues to suffer from permanent scarring down her left leg, endured physical pain and suffering (including, but not limited to, discomfort, sensitivity, limitations, restrictions and/or disabilities), for which Defendants are liable to Plaintiffs.

24. As a direct and proximate result of Defendants negligence and/or recklessness, Mrs. Stuppy required (and continues to require) medical care and treatment for which she has incurred (and will continue to incur) expenses for the evaluation, diagnosis, care, and treatment of her injuries, for which Defendants are liable to Plaintiffs.

25. As a direct and proximate result of Defendants negligence and/or recklessness, Mrs. Stuppy suffered (and continues to suffer from) a loss in the enjoyment of her life and in her ability to live free of pain, suffering, discomfort, scarring, sensitivity, restrictions and disabilities and has suffered a loss of her ability to perform her usual functions including those involved with daily living activities as well as those activities from which she derived pleasure and enjoyment, for which Defendants are liable to Plaintiffs.

26. As a direct and proximate result of Defendants negligence and/or recklessness, Plaintiffs have incurred (and continue to incur) economic losses and out-of-pocket expenses including, but not limited to, prescription and medical supply expenses, medical charges and fees, and/or expenses related to prosecuting this action; all of which Defendants are liable to Plaintiffs.

27. Mrs. Stuppy believes that some or all of her injuries, damages, harms, and losses as stated herein are permanent and/or long-lasting and will continue into the indefinite future.

28. Plaintiffs further believe and therefore state that this incident and Mrs. Stuppy's injuries, damages, and losses are a direct and proximate result of misconduct by Defendants that constitute willful, wanton, intentional, deliberate and/or malicious conduct and/or a conscious, reckless and/or flagrant disregard for the rights and safety of another person, including Plaintiffs, which had a great probability of causing substantial harm; thereby justifying the imposition of substantial compensatory damages and attorney fees against Defendants.

**COUNT II**
**(LOSS OF CONSORTIUM)**

29. Plaintiffs incorporate by reference all allegations contained in all other paragraphs and Counts, as if fully rewritten herein.

30. Plaintiff, Charles Stuppy (hereinafter, "Mr. Stuppy"), is the husband and lawful spouse of Mrs. Stuppy.

31. Mr. Stuppy has suffered a loss of consortium and has been deprived of the society, comfort, love, solace, and assistance of Mrs. Stuppy who was injured as described herein, and

further that said loss is the direct and proximate result of the negligence of the Defendants as described above.

**WHEREFORE**, Plaintiffs, Donna and Charles Stuppy, demand judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus attorney fees, litigation expenses, costs of this action and such further relief as this Court may deem just and proper.

**JURY DEMAND**

A trial by jury is hereby demanded to determine all issues.

Respectfully submitted,

**KELLEY FERRARO, LLC**

By: */s/ Joyce Chambers Reichard*
BRIAN R. HERBERTH (0081985)
JOYCE CHAMBERS REICHARD (0096422)
950 Main Avenue, Suite 1300
Cleveland, Ohio 44113
(216) 575-0777
(216) 575-0799 (Facsimile)
bherberth@kelley-ferraro.com
jreichard@kelley-ferraro.com

*Attorneys for Plaintiffs*